WILLIAMS *vs.* ROBINSON.

## WILLIAMS *vs.* ROBINSON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

The obligation of the drawer of a bill is fixed by the non-acceptance, protest and notice; and it is immaterial whether any demand and protest for non-payment was made or not.

A subsequent promise to pay a bill or note, or a part payment thereof, must be made with a full knowledge of the fact of a want of due diligence on the part of the holder, in giving notice of protest to the parties in order to be binding; but affirmative proof of this knowledge is not required. It may be inferred from circumstances.

This is an action by the payee and holder of a bill of exchange, drawn by C. Robinson and J. M'Murdo, under

EASTERN DIST. the firm of Robinson & Co. at ten days sight, on Messrs.
*April,* 1839. Lancaster, Denby & Co. of Richmond, Virginia, dated the
WILLIAMS 28th of March, 1837, for the sum of six hundred and forty-
*vs.* one dollars twenty-two cents.
ROBINSON.

The suit was discontinued as to M'Murdo, and Robinson
pleaded a general denial.

Osborn Abbott being sworn, says, he presented the bill
sued on to C. Robinson, one of the drawers, for payment,
who desired witness to call again ; he did so, and Robinson
said it was a *third of exchange,* and if he had examined he
would not have paid what he did on it. He looked at the
credit on the back of it, said nothing. He also observed,
that when this bill was given it was to be paid at Richmond.

It seems, this bill was never presented to the drawees for
acceptance, and that the *first* and *second* of the bill never was
accounted for, and the evidence was objected to on this
ground.

The evidence shows, that the defendant paid upwards of
one hundred dollars on the bill before he declined payment
altogether.

On this evidence, there was judgment for the plaintiff for
the balance due, and the defendant appealed.

*Elmore* and *King,* for the plaintiff.

*T. N. Peirce, contra.*

*Eustis, J.,* delivered the opinion of the court.

This is an action against the drawer of a bill of exchange,
as is alleged, protested for non-acceptance. There is no
proof of any presentment to the drawee, of protest, or of any
notice to the drawer. The bill was drawn on the 28th of
March, 1837, and it appears that a partial payment was made
on it by the drawer, in February, 1838. A witness stated
that he presented the bill to the drawer and demanded pay-
ment. The drawer requested him to call again, and he
would give him an answer more fully. On his return, the
defendant said it was a third of exchange, and if he had

*examined it,* he would not have paid what he did on it. This took place on the 17th March, 1838. The defendant added, that at the time the bill was given, it was agreed that it should be paid in Richmond, the place in which the bill was drawn. From these facts, it would be left to a jury to infer whether the partial payment was, or not, made with a knowledge on the part of the drawer, of the want of demand, protest and notice. The knowledge may be inferred, from the circumstances attending the payment. The reason for the drawer refusing to pay the balance due on the bill, is placed on grounds entirely independent of his knowledge of the state of facts which would exonerate him.

There is no allegation in the petition, of any demand for the payment of the bill, or of any protest and notice of the non-payment. The obligation, however, of the drawer, is fixed by the non-acceptance, protest and notice, and it is immaterial whether any demand and protest for non-payment, was made or not. *5 Johnson's Reports, page* 385. *4 Johnson's Reports,* 144.

We consider the law as settled, that a subsequent promise to pay a bill or note, or a part payment thereof, must be made with full knowledge of the facts of a want of due diligence on the part of the holder, but that affirmative proof of the knowledge is not required. It may be inferred from the promise, or payment under the attending circumstances. *3 Kent's Commentaries,* 113. *12 Massachusett's Reports,* 52. *12 Wheaton's Reports,* 187. *1 Taunton's Reports,* 12.

Under this principle, the judge of the court below appears to have decided the case, and we affirm his judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

*Margin notes:*

Eastern Dist.
*April,* 1839.

WILLIAMS
*vs.*
ROBINSON.

The obligation of the drawer of a bill is fixed by the non-acceptance, protest and notice, and it is immaterial whether any demand and protest for non-payment was made or not. A subsequent promise to pay a bill or note, or a part payment thereof, must be made with a full knowledge of the fact of a want of due diligence on the part of the holder, in giving notice of protest to the parties in order to be binding; but affirmative proof of this knowledge is not required. It may be inferred from circumstances.