### Francis Tomes v. Abraham Montanye.

Action against defendant as drawer of certain notes and indorser of others.  Plea of pre-
scription, and proof of promise by defendant, within the time necessary to prescribe,
to give his notes for the debt, payable at a short time ; but no evidence of notice of
the protest of the notes on which he was endorser, nor that he was aware of his dis-
charge at the time of the promise :  *Held*, that defendant was bound for the notes of
which he was drawer, but discharged as to those on which he was endorser.   To
render promises to pay binding on an endorser, who has been discharged, it must be
proved that he was aware of his discharge, at the time of the promise.

Appeal from the Commercial Court of New Orleans, *Watts*, J.
*Rawle*, for the plaintiff.
*Elwyn*, for the appellant.

Martin, J.   The defendant is appellant from a judgment on
several promissory notes, on which his name appears as drawer
or endorser.   He relies on the pleas of the general issue, and pre-
scription.   The appellee has prayed for an amendment of the
judgment, so as to allow him all the interest on the notes sued on.
The defendant not having specially denied his signature, can only
be assisted by the plea of prescription, in regard to the notes
of which he was the drawer.   The plaintiff on this part of the
case relies on the deposition of Leech, who testifies that a few
months before the inception of the present suit, as agent of the
plaintiff, he called on the defendant for payment of the notes sued
on, who declared that he was unable to pay them, and could not
do it without injury to his other creditors ; but, at last, promised
to give his notes at six and twelve months ; the witness thereupon
accepted the promise, on the condition of its being approved by
the plaintiff, who when written to gave his assent, which was com-
municated by the witness to the defendant, who declined to give
his notes.   The judge *a quo* did not err in concluding that the de-
fendant's promise to give new notes, waived the prescription as to
the notes drawn by himself.   With regard to those of which he
was endorser, his counsel has urged that judgment was erroneously
given against him, there being no evidence of notice of the pro-
test.   The judgment informs us that the plaintiff proved all the
allegations of his petition.   We have looked in vain for proof of
notice in the record.   But the plaintiff's counsel urges that none

Tomes v. Montanye.

was required, as the defendant acknowledged the debt and promised to pay all the notes ; that it is, therefore, to be presumed that he had knowledge of every thing, and that if no notice was given, it was for him to show it.   He has added that " it is a general rule that an admission of the party's liability on the bill, *made with a knowledge of the facts*, will supersede the necessity of the usual regular proof in detail.   Such an admission operates as presumptive evidence that all things have been *recte acta*, or perhaps, in some cases, even as a waiver by the party of any irregularity as to presentment, notice, &c.   2 Starkie on Evid. 166.   See Chitty on Bills, p. 538.   We have been referred to a case decided in this court, *Williams* v. *Robinson*, 13 La. 421, which we find recognizes the general rule.   It was an action against the drawer who had made a partial payment.

Starkie speaks of a promise to pay, made with a knowledge of the facts, to wit, of the irregularities in the protest or notice, or the absence thereof.   In the present case, there is not the least tittle of evidence from which it may be inferred that the defendant made the promise with the knowledge that the absence or irregularity of the notice had discharged him.   We have always held, in regard to such promises, that the plaintiff is bound to prove that the defendant had knowledge of such absence or irregularity when he made the promise.

It is, therefore, ordered that the judgment of the Commercial Court be annulled, and that the plaintiff recover from the defendant two hundred and ninety-three dollars and twelve cents, with interest at five per cent, from the 22d of May, 1841, with costs in the court below, those of the appeal to be borne by the plaintiff and appellee ; and that there be judgment of nonsuit with regard to the six endorsed notes mentioned in the petition.